IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RINARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARKER HANNIFIN )<br>CORPORATION, )<br>)<br>Defendant. ) | Case No. 7:12-cv-5005 |

## AGREED PROTECTIVE ORDER

Upon the stipulation and agreement of the parties, and it appearing to the Court that:

A. The parties will engage in discovery in this employment case which will require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B. In the course of discovery, medical, financial, educational, employment, operational and/or other confidential information is likely to be produced by the parties or other persons or entities;

C. The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

D. The parties, pursuant to agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto;

  E. Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause; and

  F. Making the above types of information subject to the Agreed Protective Order will assist in the discovery process and provide necessary protection for confidential information. As such, good cause exists for the issuance of this Agreed Protective Order.

**IT IS HEREBY ORDERED THAT:**

  1. The following definitions shall apply for purposes of this Agreed Protective Order:

   a. The term "confidential discovery material" shall mean confidential and non-public medical, financial, educational, employment, operational and/or other confidential information of a party or third person whether produced pursuant to the Federal Rules of Civil Procedure, any document request, subpoena, or order in this case; in answers to interrogatories, requests to admit and depositions on written questions served in this case; designated oral deposition testimony given in this case; and all documents reflecting the results of an inspection, testing, or sampling of any tangible thing requested in this case. A document may be designated as confidential discovery material by either stamping or marking it "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT," or otherwise identifying it as "proprietary" or "confidential" by the use of these words or other similar language. In the event confidential discovery material is produced without a confidential designation, any party may seek to have it designated as confidential discovery material by advising the other party of same within 30 days. Deposition testimony may be designated as confidential discovery material by identifying the relevant portions on the record at the deposition or by sending written notice specifying those portions to each party within 30 days of the date the transcript of those portions of the deposition is received by the designating person.

  b. The term "person" shall mean any natural person and any corporation, partnership, association, or other entity.

  c. The term "party" shall mean Plaintiff Michael Rinard and Defendant Parker-Hannifin, and any other person that may become a named party to this case.

  d. The term "designating person" shall mean the person or party responsible for producing any material that is designated as confidential.

 2. Except with the prior written consent of the designating person, confidential discovery material may not be copied and/or disclosed to any person other than:

  a. A party, including any officer, director, employee, agent, or representative of or attorney for a party;

  b. The Judges presiding in this case, the Judges' staff, and such employees of the Court as directed by the Judges;

  c. Any third-party mediator mutually agreed-upon by the parties for the purpose of alternative dispute resolution, and the mediator's staff;

  d. Counsel of record for a party and their legal associates, paralegals, and office staff;

  e. Other counsel for a party and their paralegals and office staff;

  f. Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case;

  g. Witnesses being deposed; and

  h. Jury members in the event this case proceeds to trial.

 3. To the extent any confidential discovery material is disclosed to a non-party as provided in sections (f) and (g) above, said person shall be provided with a copy of this Agreed

Protective Order prior to review of any confidential discovery material and shall sign a disclosure statement in the form attached hereto attesting that they have reviewed the Agreed Protective Order and understand its contents, and agree to abide by its terms.

    4.    All confidential discovery material shall be used and disclosed solely for purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.

    5.    At the conclusion of this case, all confidential discovery material and copies thereof in the possession, custody, or control of any Party or its attorney shall be maintained in the possession, custody, or control of counsel for the Party and shall be withheld from all other persons following the conclusion of this case. Counsel for the Parties agree that said confidential discovery material will be maintained solely for the purpose of defending an action against said counsel or responding to a disciplinary complaint against said counsel.

    6.    Nothing in this Order shall:

    a.    Restrict the right of any party to disclose any confidential discovery material produced or provided by that party to any other person;

    b.    Restrict the right of any party to use any confidential discovery material in any hearing or trial in this case; provided, however, that the parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of confidential discovery material from disclosure to the public. Specifically, the parties agree to seek the issuance of an Order providing, to the fullest extent possible, that the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for confidential discovery material under this Order.

5

      c.      Prevent any party from objecting to discovery that the party believes is improper for any reason;

      d.      Preclude any party from seeking any further or additional protection for confidential discovery material not provided in this Order; or

      e.      Alter the parties' requirements to comply with the Local Rules for the United States District Court for the District of Nebraska and the court's Procedure for Filing Ex Parte, Restricted, or Sealed Documents.

      7.      Any notice to a party required by this Order may be given by notifying that party's counsel of record in this case. Any act by a party required by this Order may be performed by that party's counsel of record in this case.

      ORDERED this 10th day of January, 2013.

      *s/ Cheryl R. Zwart*
      Cheryl R. Zwart
      United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL RINARD,            ) | |
|                            ) | |
|         Plaintiff,         ) | |
|                            ) | Case No.  7:12-cv-5005 |
|     v.                     ) | |
|                            ) | |
| PARKER HANNIFIN            ) | |
| CORPORATION,               ) | |
|                            ) | |
|         Defendant.         ) | |

**DECLARATION REGARDING PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

I _____ declare as follows:

My address is _____;

I hereby acknowledge that I have received, or may receive, information designated as "CONFIDENTIAL" under an Agreed Protective Order of the Court in the above lawsuit, and I acknowledge such information is provided to me pursuant to the terms and restrictions of such Agreed Protective Order.

I further state that I have (i) been given a copy of, and have read, the Agreed Protective Order; (ii) I am familiar with the terms of the Agreed Protective Order; (iii) I agree to comply with, and to be bound by, each of the terms thereof; and (iv) I agree to hold in confidence any information disclosed to me pursuant to the terms of the Agreed Protective Order.

To assure compliance with the Agreed Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the limited

purpose of participating in any proceedings relating to performance under, compliance with, or violation of this Agreed Protective Order.

I understand that: (i) I am to retain all of the materials I receive which have been designated as "CONFIDENTIAL" in a container, cabinet, drawer, room, or other safe place in a manner consistent with this Agreed Protective Order; (ii) I will make no copies or other reproductions of any such materials; (iii) all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and (iv) any materials, memoranda, work notes, or other documents derived from documents designated as "CONFIDENTIAL," or any information contained therein, are to be delivered to the party who provided the designated materials.  Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Agreed Protective Order.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Agreed Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Name: _____

Date: _____


14055935.1